**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
           chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Hector Corrales**, <br><br> Plaintiff, <br><br> vs. <br><br> **JSBT Rentals LLC**, an Arizona limited liability company, and **Jose Parra and Jane Doe Parra**, a married couple, and **Stephen C. Fuller and Jane Doe Fuller**, a married couple, <br><br> Defendants. | No. <br><br> **COMPLAINT** |

Plaintiff, Hector Corrales ("Plaintiff"), sues the Defendants, JSBT Rentals LLC, Jose Parra and Jane Doe Parra, and Stephen C. Fuller and Jane Doe Fuller (collectively, "Defendants" or "JSBT Rentals"), and alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; unpaid minimum wage under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours."  <u>Barrentine v. Ark Best Freight Sys. Inc.</u>, 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  <u>See</u> 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  <u>See</u> 29 U.S.C § 207.

3.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours."  <u>Barrentine v. Ark Best Freight Sys. Inc.</u>, 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  <u>See</u> 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  <u>See</u> 29 U.S.C § 207.

4.      Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

5.      Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the AMWA, A.R.S. § 23-362, et seq.

6.     This is an action for unpaid minimum wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA and minimum wages, liquidated damages, interest, attorneys' fees, and costs under the AMWA.

7.     The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

8.     The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

11.     At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

12.     At all material times, Defendant JSBT Rentals LLC was a limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant JSBT Rentals LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

13.     At all relevant times, Defendant JSBT Rentals LLC owned and operated as a real estate and rental and leasing company doing business in the Phoenix Metropolitan Area.

14.     Under the FLSA, Defendant JSBT Rentals LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, JSBT Rentals LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to Defendants' employees, Defendant JSBT Rentals LLC is subject to liability under the FLSA.

15.     Defendants Jose Parra and Jane Doe Parra are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Defendants Jose Parra and Jane Doe Parra are owners of JSBT Rentals LLC and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

16.     Under the FLSA, Jose Parra and Jane Doe Parra are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an

employer in relation to an employee.  At all relevant times, Defendants Jose Parra and Jane Doe Parra had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of JSBT Rentals, LLC in relation to their employees, Defendants Jose Parra and Jane Doe Parra are subject to individual liability under the FLSA.

17.     Defendants Stephen C. Fuller and Jane Doe Fuller are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Defendants Stephen C. Fuller and Jane Doe Fuller are owners of JSBT Rentals LLC and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

18.     Under the FLSA, Stephen C. Fuller and Jane Doe Fuller are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Stephen C. Fuller and Jane Doe Fuller had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of JSBT Rentals, LLC in relation to their employees, Defendants Stephen C. Fuller and Jane Doe Fuller are subject to individual liability under the FLSA.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

19.    Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

20.    Defendants, and each of them, are sued in both their individual and corporate capacities.

21.    Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

22.    At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of a janitorial company in Maricopa County, Arizona.

23.    Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the aforementioned enterprise.

24.    Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

25.    At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

26.    The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-6-

27. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

28. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

29. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

30. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

31. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

32. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

33. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

34. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

35. Plaintiff, in his work for Defendants, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

36. At all relevant times, Defendants own and/or operate a real estate and rental and leasing company that is an enterprise doing business in Maricopa County, Arizona.

-7-

37.    In or around May 2023, Plaintiff began working for Defendants as a machinery operator.

38.    Throughout Plaintiff's work for Defendants, Defendants paid him, or were supposed to pay him, a daily rate of $200.

39.    Plaintiff worked a total of approximately four workweeks for Defendants.

40.    Plaintiff worked approximately 40 hours per week, Monday through Friday from 7:00 am to 3:00 pm.

41.    Plaintiff's final workweek took place in or around June 2023.

42.    In his final workweek, Plaintiff worked 5 days, approximately 40 hours per week.

43.    Defendants failed to compensate Plaintiff any wages whatsoever for his final workweek with Defendants.

44.    As a result of failing to pay Plaintiff any wages whatsoever for his final workweek, Defendants did not pay Plaintiff at least the applicable minimum wage for his final workweek.

45.    After he did not receive his final paycheck as expected, Plaintiff contacted Defendants via text message to ask whether they were going to pay him and he never received an answer or response.

46.    To date, Plaintiff still has not been paid for such work performed for Defendants.

47.    At all relevant times, Plaintiff was an employee of Defendants, as defined by the FLSA, 29 U.S.C. § 201 et seq.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

48.     As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated 29 U.S.C. § 206(a).

49.     As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

50.     As a result of Defendants' failure to compensate Plaintiff wages dur and owing for such hours worked, Defendants violated the AMWA, A.R.S. § 23-350, et seq.

51.     Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

52.     At all relevant times, Plaintiff was a non-exempt employee.

53.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

54.     Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for hours Plaintiff worked.

55.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

56.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

57.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the

unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

58.    Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and costs incurred under A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

59.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

60.    As a result of not paying Plaintiff any wage whatsoever for his final workweek of his employment, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

61.    Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

62.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Hector Corrales, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-10-

A.    For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

63.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64.    As a result of not paying Plaintiff any wage whatsoever for the final workweek of his employment, Defendants failed or refused to pay Plaintiff the Arizona minimum wage.

65.    Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

66.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Hector Corrales, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

<u>**COUNT THREE: ARIZONA WAGE ACT**</u>
<u>**FAILURE TO PAY WAGES DUE AND OWING**</u>
<u>**JSBT RENTALS LLC ONLY**</u>

67.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

68.    As a result of the allegations contained herein, Defendant JSBT Rentals LLC did not compensate Plaintiff wages due and owing to him.

69.    Defendant JSBT Rentals LLC engaged in such conduct in direct violation of A.R.S. § 23-350.

70.    Defendant JSBT Rentals LLC acted unreasonably and in bad faith in failing to pay Plaintiff the wages due and owing to her.

71.    Defendant JSBT Rentals LLC sought to delay payment without reasonable justification and to defraud Plaintiff of wages earned.

72.    As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the final workweek of his employment with Defendant JSBT Rentals LLC.

73.    Plaintiff is therefore entitled to compensation for unpaid wages, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and costs incurred.

**WHEREFORE**, Plaintiff, Hector Corrales, requests that this Court grant the following relief in Plaintiff's favor, and against Defendant JALAV Restoration LLC:

A.    For the Court to declare and find that the Defendant JALAV Restoration LLC violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B.    For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

-13-

D.    For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.    Such other relief as this Court deems just and proper.

### **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 26th day of July 2023.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Christopher J. Bendau
Clifford P. Bendau, II
*Attorneys for Plaintiff*

-14-